# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JEREMY TAKAS,**

    **Plaintiff,**

v.                                                           **CASE NO. 8:08:CV-1236-T-17EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## **FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Act.[1]

The undersigned, after reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties, as well as the relevant statutory and case law, affirms the ALJ's decision denying Plaintiff's claim.

In an action for judicial review, the reviewing court must affirm the Commissioner's decision

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 15).

if it is supported by substantial evidence in the record as a whole and comports with legal standards. See 42 U.S.C. § 405(g) (2006). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgement as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).[2]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 587 (11th Cir. 1987).

**Background**

Plaintiff filed his DIB and SSI application on August 24, 2004, claiming an onset of disability on September 19, 2001, due to a work-related accident. (T 9) Plaintiff claims he is disabled due to back and neck pain, head trauma, right ankle pain, and headaches. (T 91, 98, 386) Plaintiff's application was denied initially and upon reconsideration. (T 30-38) Following an administrative hearing on October 12, 2007, the ALJ denied benefits to Plaintiff in a decision dated December 14, 2007. (T 6-19) The Appeals Council denied review, making the ALJ's decision the final decision

---

[2] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

of the Commissioner. (T 2-5) Plaintiff filed a timely petition for judicial review of the Commissioner's denial after exhausting all administrative remedies (Dkt. 1). The Commissioner's decision is ripe for review under this Act.

At the time of the hearing, Plaintiff was 32 years old, had a high school equivalent education, and past work experience as a landscape supervisor and lawn care maintenance worker. (T 111, 376-78) In his decision, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability on September 19, 2001. (T 11) The ALJ found that Plaintiff had the following severe impairments: chronic low back pain secondary to degenerative disc disease ("DDD") of the spine, a status-post laminectomy at L4-5 with fusion, a history of head trauma, and cellulitis. (T 12) Next, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Id.) The ALJ determined that Plaintiff has a residual functional capacity ("RFC") for a restricted range of light work.[3] (Id.) Although Plaintiff's limitations prevented him from performing his past relevant work, the ALJ concluded that Plaintiff could work as a small products assembler, a produce grader, and a parking lot attendant based on the testimony of the vocational expert ("VE").[4] (T 17-19) Accordingly, the ALJ found that Plaintiff was not disabled under the Act. (T 19)

---

[3] The ALJ specifically found that Plaintiff may "perform a restricted range of light work, with limitations for occasionally lifting and/or carrying 20 pounds; frequently lifting and/or carrying 10 pounds; standing, walking, and/or sitting for a total of six hours in an eight-hour workday, with a sit/stand option every 30 minutes; and occasionally climbing, balancing, stooping, crouching, kneeling and crawling." (T 12)

[4] Although the ALJ incorrectly stated the Plaintiff's age as 26 years old in the hypothetical question to the VE (T 393) and in the ALJ's decision (T 17), this appears to be a typographical error as the ALJ correctly noted Plaintiff's date of birth (T 17, 376). Any error in stating Plaintiff's correct age is harmless error.

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

**Discussion**

Plaintiff argues that the ALJ erred by (1) failing to find that Plaintiff's herniated cervical disc was a severe impairment; (2) failing to properly evaluate Plaintiff's complaints of headaches under the Eleventh Circuit pain standard; and (3) failing to pose a complete hypothetical question to the VE (Dkt. 20 at 2).

**A.** Plaintiff contends that the ALJ erred by finding that Plaintiff's herniated cervical disc was not a severe impairment (Id. at 6-7). Specifically, Plaintiff asserts that the ALJ failed to consider Plaintiff's headaches and the results of a 2004 MRI of his cervical spine in determining that Plaintiff's herniated cervical disc was not a severe impairment (Id.).

It is well settled that an impairment can be found non-severe under the Act "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). An impairment is not severe if it does not significantly limit one's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a).

In November 2001, Plaintiff was treated by Tomas E. Delgado, M.D. ("Dr. Delgado"), a neurosurgeon, for back pain and left leg pain caused by a work related injury. (T 210) Dr. Delgado diagnosed Plaintiff with two herniated lumbar discs and left leg pain. (T 209) Although Plaintiff complained of neck pain and headaches, Dr. Delgado's examination revealed that Plaintiff's neck was supple with no bruits. (T 209-10) Dr. Delgado recommended that Plaintiff obtain a lumbar

4

myelogram and CT scan. (T 209)

In February and July 2002, Plaintiff was treated by John H. Shim, M.D. ("Dr. Shim") for his back and leg pain. (T 212-13, 215) During these visits, Plaintiff made no mention of any neck pain or headaches associated with his neck pain. (Id.)

Plaintiff returned to Dr. Delgado on April 15, 2002 for a re-evaluation and surgical advice regarding his back and leg pain. (T 211) Dr. Delgado recommended that Plaintiff try nerve blocks and physical therapy prior to surgical intervention. (Id.) According to Dr. Delgado's notes, Plaintiff was neurologically stable and he had no complaints of neck pain or headaches. (Id.)

In October 2002, Drs. Delgado and Shim performed a bilateral lumbar laminectomy on Plaintiff to relieve Plaintiff's back and leg pain. (Id.) Although Plaintiff complained of neck pain during a pre-operative examination, Dr. Delgado observed that Plaintiff's neck was supple with no bruits. (T 217) During post-operative visits with Dr. Delgado in October and November of 2002, Plaintiff's back and leg pain had subsided. (T 130, 220) Plaintiff did not raise any concerns regarding neck pain or headaches. (Id.)

On January 13, 2003, Dr. Delgado treated Plaintiff for neck and back pain related to an automobile accident. (T 129) Although Plaintiff complained of neck and back pain, Dr. Delgado determined that Plaintiff's x-rays were unremarkable and "nothing seems to be out of place." Further, Dr. Delgado wrote that Plaintiff "is not wearing the brace all the time now, but he does wear it off and on when he is active." (Id.) Dr. Delgado concluded that Plaintiff was neurologically "very stable" and was healing nicely. (Id.)

On March 10, 2003, Dr. Delgado noted that Plaintiff was "doing fine" and back to work with a restriction not to lift anything over 25 pounds. (T 128) In Dr. Delgado's opinion, Plaintiff was

5

neurologically stable and healing nicely. (Id.) Plaintiff made no mention of any neck pain or headaches to Dr. Delgado. (Id.)

Plaintiff was treated in the emergency room in October 2003 after being hit on the back of the head with a baseball bat during a robbery. (T 151, 385) The CT scan showed no fracture or acute intracranial trauma. (T 151-52) On October 23, 2003, when Plaintiff returned to the emergency room to have the staples and sutures removed from his head wound, he had no complaints of pain. (T 162-68) Plaintiff was discharged in stable condition. (Id.)

On April 29, 2004, after losing his balance while standing on a sand dune, Plaintiff was diagnosed with herniated cervical disc (cervical HNP at C6-7). (T 335, 338, 343) Plaintiff complained of mild to moderate neck and back pain. (T 343) Upon examination, Plaintiff's neck was non-tender. (Id.) The MRI of Plaintiff's cervical spine showed normal vertebral body heights and signal intensity. (T 335) Although the MRI showed a prominent herniated disc, there was no evidence of spinal stenotic changes. (Id.) The Plaintiff was discharged with a neck collar but in stable condition. (T 333-44)

Plaintiff was examined by Adam Greenfield, D.O. ("Dr.Greenfield"), a consulting physician, on May 18, 2005. (T 241) Dr. Greenfield concluded that Plaintiff suffered from chronic lower back pain resulting from lumbar fusion surgery as well as occasional neck pain and consistent headaches. (T 239) However, upon examination, Dr. Greenfield found Plaintiff's neck to be "supple" with "negative JVD, thyromegaly and carotid bruits." (T 241) In addition, Plaintiff denied any swelling or masses in his neck and denied any headache. (Id.) Dr. Greenfield stated that Plaintiff appeared to be functioning well and was not taking any medications for his pain. (T 239) Dr. Greenfield did not identify any functional limitations related to Plaintiff's neck pain or headaches. (T 239-41)

6

In July 2005, Ronald S. Kline, M.D. ("Dr. Kline"), a state agency consultant, opined that Plaintiff had the RFC to perform a restricted range of light work. (T 242-48) While Plaintiff alleged continuing pain, Dr. Kline observed that Plaintiff was not taking any medication for his pain. (T 248) Dr. Kline stated that Plaintiff had a full lumbar range of motion, a normal gait, and no neurological deficits. (Id.)

In March 2006, Plaintiff visited the emergency room for lower back pain and right leg pain. (T 284) Plaintiff's examination revealed that his neck was non-tender; Plaintiff had painless range of motion in his neck. (Id.) On May 17, 2006, Plaintiff was treated at the emergency room for back pain resulting from a slip in the shower. (T 276) Plaintiff did not mention any neck pain or headaches during his treatment. (Id.)

In May 2006 and June 2006, Plaintiff was treated by Saurin Shah, M.D. ("Dr. Shah") at the Trinity Family Health Care Center for complaints of lower back pain and right leg pain (T 309-11). On May 24, 2006, Dr. Shah diagnosed Plaintiff with post-laminectomy syndrome/chronic low back pain and a history of head trauma. (T 310-11) Plaintiff was taking over-the-counter medications for his pain. (Id.) Dr. Shah prescribed Flexeril, exercise, and weight reduction for the pain. (Id.) Although Plaintiff complained to Dr. Shah of headaches on May 24, 2006, there is nothing in Dr. Shah's records to indicate a functional limitation related to Plaintiff's headaches. (T 311) During a follow-up visit with Dr. Shah on June 21, 2006, Plaintiff did not mention any neck pain or headaches. (T 309)

In 2007, Plaintiff sought emergency room treatment on three occasions for complaints of back pain. (T 314-52) During these visits, Plaintiff did not mention any neck pain or headaches. (Id.)

7

The ALJ did recognize the 2004 MRI showing a herniated disc at C6-7. (T 14) However, the ALJ credited the RFC assessment of Plaintiff's treating neurosurgeon, Dr. Delgado[5], among other physicians, in finding Plaintiff capable of a restricted range of light work. (T 16-17, 393) The ALJ also cited the opinion of Dr. Greenfield, a consultative examiner, who saw Plaintiff on May 18, 2005 and "opined that Plaintiff was functioning well without being on any medications." (T 16) The ALJ also observed that Dr. Greenfield's physical and neurological examinations were essentially normal. (T 16) The ALJ's findings are supported by Dr. Greenfield's report. (T 239-41) Although Dr. Greenfield reported that Plaintiff has "occasional neck pain and consistent headaches," he had full range of motion of the cervical spine. (T 239-40) In assessing Plaintiff's RFC, the ALJ also relied on the opinion of a state agency consultant at the reconsideration level who found Plaintiff (T 16, 242-48) capable of a restricted range of work activity.

The record shows that Plaintiff was diagnosed with a herniated cervical disc and occasionally complained about neck pain. Yet, a diagnosis alone is an insufficient basis for a finding that an impairment is severe. Sellers v. Barnhart, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002). Furthermore, the results of the 2004 MRI of Plaintiff's herniated disc showed normal vertebral body heights, normal signal intensity, and no evidence of spinal stenotic changes. (T 335) Plaintiff's treating and consulting physicians concluded that Plaintiff's neck was supple and non-tender, with no bruits. Although Plaintiff occasionally complained of headaches caused by his neck pain, there

---

[5] Dr. Delgado's opinion was rendered on May 12, 2003 as part of Plaintiff's workers compensation claim. In finding that Plaintiff had reached maximum medical improvement on that date, Dr. Delgado assigned him an overall impairment rating of fourteen percent and imposed a lifting restriction of 25 pounds with no squatting, kneeling, climbing, or lifting overhead and only minimized bending at the base of the spine. (T 16, 149, 196) However, on August 4, 2003, after reviewing surveillance tapes of Plaintiff, Dr. Delgado increased the lifting restrictions to 45 pounds but made no other changes. (T 16, 150)

is no indication that his headaches or Plaintiff's cervical injury limited Plaintiff's physical or mental ability to do basic work activities more significantly than stated in the ALJ's RFC determination. Thus, the ALJ's failure to find Plaintiff's herniated cervical disc or headaches to be a severe impairment was not error.

**B.** Next, Plaintiff argues that the ALJ erroneously discredited Plaintiff's complaints of severe headaches and occasional pain in his left arm (Dkt. 20 at 7-8). Plaintiff further contends that the ALJ failed to state whether Plaintiff's herniated cervical disc could cause pain, including headaches (Id. at 8).

It is incumbent on the ALJ to make credibility findings as to a claimant's testimony. Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). The Eleventh Circuit applies a three part "pain standard" when evaluating subjective complaints of pain. See Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995). The claimant must produce: (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the pain resulting from the medical condition or (3) evidence that the condition is so severe that it can be reasonably expected to cause the pain. Id.

Where an ALJ declines to credit a claimant's testimony as to pain, the ALJ must articulate explicit and adequate reasons for doing so. Foote, 67 F.3d at 1561-62. A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court. Id. at 1562. A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. Id. (citation omitted). However, the ALJ's credibility determination "does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the Court] to conclude that [the ALJ]

considered [his] medical condition as a whole." Dyer v. Barnhart 395 F.3d 1206, 1210 (internal quotations and citation omitted).

At the hearing, Plaintiff testified that he occasionally suffered from severe headaches, which made him nauseous and dizzy. (T 382) He alleged that he had excruciating headaches, "not all the time, but quite a bit." (T 386) Plaintiff stated he was hit with a baseball bat in 2003, which caused head pains. (T 383) Furthermore, Plaintiff stated his headaches blurred his vision and affected his ability to read. (T 376) To alleviate the pain from the headaches, Plaintiff testified he uses over-the-counter medications, hot showers, or muscle massages. (T 382)

Contrary to Plaintiff's argument, the ALJ applied the pain standard appropriately and discussed Plaintiff's medical record extensively. (T 12-17) While acknowledging that Plaintiff was diagnosed with a herniated cervical disc and occasional headaches, the ALJ refused to fully credit Plaintiff's subjective allegations of neck pain and excruciating headaches because they were not supported by medical evidence. (T 14-15) As discussed above, the ALJ relied on the opinions of Plaintiff's treating and consulting physicians in determining that Plaintiff's complaints concerning the intensity, persistence and limiting effects of his neck pain and headaches were not credible. Indeed, Plaintiff fails to cite any objective medical evidence which indicates his neck pain and headaches significantly limited his ability to work. The ALJ noted that despite Plaintiff's complaints of excruciating pain, Plaintiff admitted to taking only over-the-counter medications, hot showers, and massages to obtain pain relief. (Id.) Furthermore, the ALJ stated that Plaintiff had "not received medical treatment for his condition for a very long time in spite of very severe pain allegations." (Id.) Although the ALJ did not specifically cite allegations of severe headaches when discrediting Plaintiff's subjective complaints, they are clearly part of his underlying analysis and there is

sufficient evidence to support the ALJ's conclusion. Accordingly, the ALJ's evaluation of Plaintiff's testimony regarding his headache pain is supported by substantial evidence.

With respect to Plaintiff's complaints of occasional left arm pain, Plaintiff did not testify about such pain during the hearing. (T 375-90) Although Plaintiff cites to one record (T 271) indicating he complained of left arm pain (Dkt. 20 at 6), a single reference in the medical record does not meet Plaintiff's burden of establishing functional limitations resulting from left arm discomfort. Thus, there is no merit to Plaintiff's argument that the ALJ failed to consider Plaintiff's allegations of left arm pain.

**C.** Plaintiff argues that the hypothetical question posed to the VE was incomplete because it did not take into account Plaintiff's herniated cervical disc and allegations of headaches (Dkt. 20 at 9-10).

In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). However, the hypothetical question need only include limitations supported by the record. See Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). An ALJ's failure to include claimant's severe impairments in a hypothetical question to a VE is reversible error where the ALJ relied on that VE's testimony to make a disability determination. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985).

As discussed above, Plaintiff has not demonstrated that the ALJ erred in finding that Plaintiff's herniated cervical disc and headaches were not severe impairments. Where, as here, an ALJ properly determines that an impairment is not supported by the medical evidence in the record, the ALJ is not required to include such impairment in a hypothetical posed to a VE.

11

**Conclusion**

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED** that:

(1) the decision of the Commissioner is **AFFIRMED** and the case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2) the Clerk of the Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida on this 18th day of August, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge